

ENTERED PURSUANT TO ADMINISTRATIVE ORDER NO. 16-04.
TERESA D. UNDERWOOD, CLERK OF BANKRUPTCY COURT

BY: /s/ Stephanie Pete
     **Deputy Clerk**

**Dated: 12:26 PM July 25 2018**

**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 PROCEEDING |
| | ) | |
| BRANDI MONIQUE DANIELS | ) | ORDER CONFIRMING PLAN |
| | ) | |
| 322 TRIGONIA DRIVE | ) | CASE NO. 17-52679 |
| AKRON, OH 44302 | ) | |
| | ) | JUDGE Alan M. Koschik |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| | ) | |
| | ) | |

    The Chapter 13 plan (the "Plan") in this case came on for confirmation at a hearing before the Court. A copy of the Plan is attached to this Order Confirming Plan (the "OCP"). Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the Debtor or the Debtors, in a joint case, (collectively, the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

    A)    Notice of the confirmation hearing was duly given.
    B)    The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT**:

    1)    The Plan is confirmed.
    2)    The Debtor's Plan is incorporated into this OCP as if fully rewritten herein, provided, however, that

1

should there be any inconsistencies between the Plan and this OCP, this OCP shall control.
3) The Plan may extend beyond its stated term, but not to exceed a total of sixty (60) months in duration, in order to carry out the provisions of this OCP without further application or notice pursuant to Bankruptcy Code Section 1322(c).
4) Pursuant to Bankruptcy Code Section 1302(b)(4), the Trustee is authorized and permitted to send notices, plan balances and other general information concerning the administration of the Plan directly to the Debtor.
5) The property of this bankruptcy estate shall consist of all items listed in Bankruptcy Code Sections 541 and 1306, including, but not limited to all postpetition assets and income acquired by the Debtor.
6) All property of the estate acquired after the commencement of the case and not reported to the Trustee or scheduled in accordance with Rule 1007(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall remain property of the estate and will not vest in the Debtor upon confirmation under Bankruptcy Code Section 1327(b).
7) All property owned by the Debtor prepetition which is properly disclosed on the petition schedules shall remain in possession of the Debtor and such prepetition property shall vest in the Debtor upon confirmation. Creditors, as that term is defined in Bankruptcy Code Section 101, may not proceed against property which has vested in the Debtor without requesting a hearing pursuant to Bankruptcy Code Section 362.
8) The valuation of secured claims listed in the Plan pursuant to Bankruptcy Code Section 506(a) shall be determined by the Court upon motion and the opportunity for hearing as discussed in the Court's decision in In Re Fiorilli, 196 B.R. 83 (Bankr. N.D. Ohio 1996) and Creditors shall not be bound by valuations made in the Plan and schedules unless this procedure is followed.
9) Creditors seeking to be paid under the Plan must file a proof of claim pursuant to Bankruptcy Rule 3002.
10) Absent an objection or court order, the Trustee shall pay proofs of claim as filed pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3001(f).
11) Pursuant to Bankruptcy Code Sections 521(3) and (4) and Bankruptcy Rule 4002(3) and (4), the Debtor is under a continuing obligation to cooperate with the Trustee and disclose all income and assets.

**RESPONSIBILITY OF THE DEBTOR IN A CHAPTER 13 PLAN**

1) The Debtor agrees to make timely payments in the amount stated in the Plan (the "Plan Payments"). Furthermore, the Debtor agrees to devote all future disposable income to the Plan as required by Bankruptcy Code Sections 1322(a)(1) and 1325(b)(2). A Debtor who is regularly employed must make Plan Payments by payroll deduction, unless the Trustee has consented to an agreed order allowing direct payments. A Debtor who is self-employed or who has other sources of income must make the Plan Payments by money order or certified check. ***The Debtor is responsible for making the Plan Payments to the Trustee by no later than the 20th of each month***.
2) If the Plan provides that the Debtor is to make postpetition mortgage payments directly outside of the Plan, the Debtor agrees to make those postpetition mortgage payments timely.
3) The Debtor must give notice of any change of address to Debtor's attorney, the Trustee and the Clerk of the U.S. Bankruptcy Court.
4) The Debtor is under a continuing obligation during the course of the Plan to consult Debtor's attorney if Debtor is unable to make Plan Payments.
5) The Debtor shall not incur additional debt exceeding $1,000 (One thousand dollars), cumulatively over the life of the Plan, without notice to the Trustee and approval from the Court.
6) The Debtor shall not transfer any interest in real property or automobiles without the Court's approval.
7) The Debtor shall not transfer personal property valued at $1,500 (One thousand five hundred dollars) or more without the Court's approval.
8) If the Debtor seeks to refinance real estate, the Debtor is under an on-going obligation to consult with Debtor's attorney before completing said refinancing. Refinancing must be reviewed by the Trustee and approved by the Court.
9) The Debtor is under a continuing obligation during the Plan to pay all applicable taxes as such taxes become due, including, but not limited to, (a) income taxes to federal, state, and local taxing authorities, (b) local property taxes and (c) sales and payroll taxes for

which the Debtor is personally responsible. The Debtor must timely file all postpetition tax returns. Upon request of the Trustee, the Debtor must supply copies of tax returns to the Trustee during the Plan.

10) Tax refunds in excess of $1,500 (One thousand five hundred dollars ), calculated to exclude Earned Income Tax Credits and child and dependant care credits, are property of the bankruptcy estate and must be paid to the Trustee, for the benefit of creditors, for distribution according to the Plan.

11) The Debtor may make application to the Trustee and the Court if the Debtor has a compelling reason to retain tax refunds in excess of $1,500 (One thousand five hundred dollars).

12) The Debtor is under a continuing obligation to maintain homeowner's insurance during the Plan. Furthermore, the Debtor is under a continuing obligation to maintain minimum automobile liability coverage required by Ohio law during the Plan. The Trustee is authorized to request proof of automobile and homeowner's insurance, as the Trustee deems appropriate.

13) A Debtor engaged in self-employment (sole proprietorship, S-corporation, owner of C-corporation, or rental properties) is required semi-annually to supply updated financial information as requested by the Trustee.

**RESPONSIBILITY OF HOLDERS OF SECURED CLAIMS**

1) Holders of secured claims on either real or personal property of the Debtor do not need to seek relief from the automatic stay pursuant to Bankruptcy Code Section 362 for the limited purpose of supplying the Debtor coupon books, notice of a change in address of the creditor, notice of a change in servicing agent for the creditor, annual 1098 tax information, and all other information that provides the Debtor an accounting of payments paid both by the Debtor directly and by the Trustee.

2) All holders of claims secured by mortgages or deeds of trust on real property shall apply payments designated as a cure of prepetition arrearage and paid under the Plan to prepetition payments, and shall apply payments designated as postpetition payments and paid outside the plan after the commencement of the case to on-going postpetition payments.

3) All holders of secured claims shall refrain from imposing late charges on postpetition payments if those payments are paid timely.

4) Provided that the Debtor is current in his/her postpetition mortgage payments and current in his/her plan payments to the Trustee, and is occupying the premises that is subject to the mortgage or deed of trust, holders of claims secured by mortgages or deeds of trust shall refrain from the imposition of monthly inspection fees, attorneys fees, paralegal fees or other type of bankruptcy monitoring fees without prior approval of the Bankruptcy Court, after notice and hearing.

5) All holders of claims secured by mortgages or deeds of trust shall refrain from holding an amount equivalent to more than one month's postpetition payment in a "suspense account" or other similar device that serves to prevent the application to the account of the Debtor's payment of either principal or interest.

6) If the Plan provides that the Trustee is to make the mortgage payment (both prepetition and postpetition), the mortgage payments are deemed timely paid as long as the Debtor is current in payments to the Trustee. This provision does not apply if the Plan provides for payment of postpetition mortgage payments directly by the Debtor outside the Plan.

**PAYMENT OF ATTORNEY FEES IN A CHAPTER 13 PLAN**

1) Debtor's counsel fees in Chapter 13 cases filed in Akron, Ohio, shall be deemed an administrative expense of the bankruptcy estate pursuant to Bankruptcy Code Section 503 (b). Upon confirmation of the Plan, provided sufficient funds have been paid into the Plan, the Trustee shall commence payment of attorney fees pursuant to Bankruptcy Code Sections 507 (a)(1) and 1326(b)(1), subject to Administrative Order No. 12-03.

2) Debtor's counsel shall remain counsel of record and provide representation on behalf of the Debtor until completion or dismissal of this case, unless said representation has been excused by the Court. Failure to attend to such representation may result in an order requiring disgorgement of fees.

3) Pursuant to the disclosure of compensation of Attorney for debtor (s) attorney fees have been requested in the total amount of $3,063.00.

Approved:

/s/ Keith L. Rucinski
Keith L. Rucinski, Esquire
Chapter 13 Trustee
One Cascade Plaza. #2020
Akron, OH  44308
Phone:  330-762-6335
Fax:     330-762-7072

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In Re:                                        ) Chapter 13 Case No.: 17 - 52679 - amk
                                              )
Brandi Monique Daniels                        )
                                              ) Judge Alan M. Koschik
                                              )
                Debtor.                       )    Original Chapter 13 Plan
                                              ) X Third Amended Chapter 13 Plan 6/22/18
                                              ) X See Paragraph Twelve for Special Provisions

*****************************************************************************************
**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED.**

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

Plan is being amended: (1) to remove Summit County Fiscal Officer from paragraph 4(b). Creditor was inadvertently scheduled in paragraph 4(b) and was properly scheduled in paragraph 10, and to decrease the monthly plan payment..

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

   A. To the Chapter 13 Trustee (hereinafter "Trustee"): $504.00 per month, payable in
      monthly  semi-monthly  **X bi-weekly**  weekly   installments of $ 232.62

   __X__ The Debtor is employed by Third Federal Savings & Loan, 7007 Broadway Avenue, Cleveland, OH 44105
         and debtor shall make payment by payroll deduction.

   _____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

   _____ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or
   money order.

**TAX REFUNDS**
The Debtor(s) further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Tax Refunds are in addition to the monthly plan payment and the Trustee is authorized to adjust the unsecured dividend based on the turnover of any future tax refunds.

**TEMPORARY SUSPENSION OF PLAN PAYMENTS**
Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not

reduce the total amount of repayment creditors are to receive under the plan. The Debtor(s) agree that should a pay suspension be approved, the suspended payments shall be added to the end of the plan and must be made in order for the Debtor(s) to earn a discharge. The Debtor(s) may extend the duration of their plan in order to make up the suspended payments. Creditors entitled to interest shall their interest continue to accrue during any suspension period. Debtor(s) shall not suspend their plan payments to a level which prohibits conduit mortgage payments from being paid.

## 2. ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION

Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor | Collateral | Acc't # | Address | Amount |
|---|---|---|---|---|

NONE

## 3. ORDER OF DISTRIBUTION

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

## 4. CLAIMS SECURED BY REAL PROPERTY

   A. **Conduit Mortgage payments to be Paid Through the Chapter 13 Plan**

   1. The Debtor(s) Residence

   | Creditor | Property Address | Monthly Payment |
   |---|---|---|

   NONE

   2. Other real properties with mortgage payments to be conduit through the plan:

   | Creditor | Property Address | Monthly Payment |
   |---|---|---|

   NONE

   Conduit payments shall begin for the month which the case was filed,. During the plan, conduit payments are subject to changes due to escrow, interest and other adjustments. Unless real estate taxes and insurance are included in the mortgage payments paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. The creditor should file with the Court any changes in the

mortgage payment. If the mortgage payment is increased and it causes feasibility issues, the Trustee will file a motion to increase the Debtor's payments to maintain feasibility of the plan. The Trustee shall not commence monthly mortgage payments until the creditor files its Proof of Claim and the Plan is confirmed. The mortgage creditor, or any of its successor or services, shall accept the Trustee's payment as being timely made. However, debtor bears ultimate responsibility of making the monthly Chapter 13 payment timely in order for the Trustee to make the mortgage payment.. Accordingly the,debtor(s) shall ensure that the Trustee receives the payment no later than the 20th of each month so that the mortgage payment can be made. The Trustee shall not bear responsibility to the creditor should the debtor fail to make the Chapter 13 plan payment timely

### B. Mortgage Arrearages and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments or pro rata (whichever is stated below).

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| Summit County Fiscal Officer | 322 Trigonia | $1,566.83 | $75.00 |

### C. Liens and Other Claims secured by Real Estate

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| NONE | | | | |

## 5. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Santander Financial | 2012 Kia Forte | $9,834.41 | 6.50% | $250.00 |

## 6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| NONE | | |

## 7. DOMESTIC SUPPORT OBLIGATIONS

Debtors does ___ do not X have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| <u>Holder Name</u> | <u>Address of Holder (If Known)</u> | <u>Address of Child Enforcement Support Agency (Mandatory)</u> |
|---|---|---|
| NONE | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| NONE | | |

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| State of Ohio | $175.53 |

## 9. GENERAL UNSECURED CLAIMS

All timely filed pre-petition undisputed non priority unsecured creditors shall receive a **100%** dividend..

The Trustee is authorized to adjust the percentage dividend or dollar amount if funds other than the scheduled plan payments are received by the Trustee, unless the Court has ordered the funds distributed to secured or priority creditors. This can include, but is not limited to, the turnover of tax refunds, property sales, inheritance, or bonuses while the Chapter 13 plan is pending.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if any unsecured creditor returns funds to the Trustee for any reason. The returned funds will be distributed to the remaining unsecured creditors.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if all unsecured creditors have not filed claims by the claims bar date, and the failure of these creditors to file claims will cause the plan to complete before the Debtor(s)'s respective applicable commitment period.

Unless the Court orders otherwise, the Trustee is authorized to adjust the percentage dividend or dollar amount to that the Debtor(s) plan extends for the Debtor(s)'s full applicable commitment period.

**THE TRUSTEE IS NOT AUTHORIZED TO INCREASE PLAN PAYMENTS UNLESS THE TRUSTEE HAS FILED A MOTION PUTTING THE DEBTOR AND DEBTOR'S COUNSEL ON NOTICE AND THE COURT APPROVES THE MOTION.**

## 10. PROPERTY TO BE SURRENDERED

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| Wood Cove III | 1344 8th Avenue, Akron, Ohio |
| Summit County Fiscal Officer | 1344 8th Avenue, Akron, Ohio |

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor to the creditor:

| Creditor | Property Description |
|---|---|
| NONE | |

## 12. POST-PETITION CLAIMS

The plan shall allow for the payment of all or a part of a post-petition claim allowed under 11 U.S.C. Sec. 1305.

## 13. SPECIAL PROVISIONS

1. Debtor owes student loans to EdSouth / GLELSI, Key Education Resource, and US Dept of Education / GLELSI. These loans extend beyond the 60 month term of debtor's plan. These loans will be paid by debtor outside of the plan. The trustee will make no distribution to these creditors from the plan payments.

/s/ Brandi Monique Daniels
_____
Brandi Monique Daniels – Debtor

DATE: 6 / 6 / 18

Submitted,

*/s/ Mark H. Knevel*

**KNEVEL LAW CO. LPA**
Mark H. Knevel, 0029285
Attorneys for Debtor
5250 Transportation Blvd Suite 201
Garfield Heights, Ohio 44125
(216) 523 - 7800 FAX 523-7801
Email: mknevel@knevellaw.com

## CERTIFICATION OF SERVICE

I certify a true and correct copy of the Debtor's Amended Chapter 13 Plan, was served via the Court's Electronic Case Filing System as indicated below, or by Ordinary US Mail, on this the 22nd day of June, 2018:

**Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:**

**Office of the United States Trustee – Region 9**
**Cleveland Office of the United States Trustee**, on behalf of Daniel M. McDermitt, United States Trustee for Region 9 at the registered United States Trustee ECF mail box @usdoj.gov, established with the bankruptcy court.

**Chapter 13 Trustee**
**Keith Rucinski** at krucinski@ch13akron.com
Joseph A. Ferrise at jferrise@ch13akron.com

**By Ordinary US Mail**

**Debtor**
**Brandi Monique Daniels**
322 Trigonia Drive
Akron, OH 44302

**Creditors**
**All scheduled creditors**
(See attached clerk's mailing matrix

\

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | ) Chapter 13 Case No.: 17 - 52679 - amk |
| | ) |
| Brandi Monique Daniels | ) |
| | ) Judge Alan M. Koschik |
| | ) |
| Debtor. | ) |

**NOTICE OF AMENDMENT TO CHAPTER 13 PLAN<br>PRIOR TO CONFIRMATION**

Debtor has filed an Amendment to his Chapter 13 Plan Prior to Confirmation, in the above captioned bankruptcy case.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you have on in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the Court to Confirm debtor's Amended Chapter 13 Plan, or if you want the Court to consider your views on the Amendment then on or before July 13th, 2018 you or your attorney must file with the Court a written request for a hearing and a written response explaining your position at :

US Bankruptcy Court<br>455 Federal Building<br>2 South Main Street<br>Akron, Ohio 44308

You must also mail a copy to:

| **Debtor(s) Attorney** | **Chapter 13 Trustee** |
|---|---|
| Mark H. Knevel, Esq. | Keith L. Rucinski, |
| Knevel Law Co LPA | One Cascade Plaza, Suite 2020 |
| 5240 Transportation Blvd #201 | Akron, Ohio 44308 |
| Garfield Heights, OH 44125 | |

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting that relief.

Respectfully submitted,

/s/ Mark H. Knevel

**KNEVEL LAW CO. LPA**
Mark H. Knevel, Esq. (0029285)
Attorneys for Debtor
5250 Transportation Blvd Suite 201
Garfield Heights, Ohio 44125
(216) 523-7800 FAX 523-7801
Email: mknevel@knevellaw.com

# CERTIFICATION OF SERVICE

I certify a true and correct copy of the Notice of Hearing on Debtor's Second Amended Chapter 13 Plan Prior to Confirmation, was served via the Court's Electronic Case Filing System as indicated below, or by Ordinary US Mail, on this the 22nd day of June, 2018:

**Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:**

    **Office of the United States Trustee – Region 9**
        **Cleveland Office of the United States Trustee**, on behalf of Daniel M. McDermitt, United States Trustee for Region 9 at the registered United States Trustee ECF mail box @usdoj.gov, established with the bankruptcy court.

    **Chapter 13 Trustee**
        Keith Rucinski at krucinski@ch13akron.com
        Joseph A. Ferrise at jferrise@ch13akron.com

**By Ordinary US Mail**

    **Debtor**
        **Brandi Monique Daniels**
        322 Trigonia Drive
        Akron, OH 44302

    **Creditors**
        **All Scheduled Creditors**
        (See attached Clerk of Courts Mailing Matrix)

/s/ Mark H. Knevel
_____
**KNEVEL LAW CO. LPA**
Mark H. Knevel, (0029285)
Attorney for Debtor

Label Matrix for local noticing
0647-5
Case 17-52679-amk
Northern District of Ohio
Akron
Fri Jun 22 09:02:26 EDT 2018

Ohio Department of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus, OH 43216-0530

455 John F. Seiberling Federal Building
US Courthouse
2 South Main Street
Akron, OH 44308-1848

ADT Security Systems
c/o Tate & Kirlin Assoc
580 Middletown Blvd Ste
Langhorne, PA 19047-1827

Ace Cash Express
1231 Greenway Drive
Suite 700
Irving, TX 75038-2556

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

BONY N.A. AS ELT FOR KEYCORP
CLAIMS FILING UNIT
PO BOX 8973
MADISON WI 53708-8973

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Capital One
PO Box 6492
Carol Stream, IL 60197-6492

City of Akron
Public Utilities Bureau
146 S High Street Rm 211
Akron, OH 44308-1894

Clerk of Courts
Summit County Court of Common Pleas
205 South High Street
Domestic Relations Division
Akron, OH 44308-1663

Comenity Bank - New York & Co.
P.O. Box 659728
San Antonio, TX 78265-9728

Credit Collection Services
725 Canton Street
Norwood, MA 02062-2679

Digestive Disease Co Akron
c/o First Federal Credit Control
24700 Chagrin Blvd Suite 205
Beachwood, OH 44122-5662

Dominion East Ohio Gas Company 9/16
ATTN: Bankruptcy
PO Box 5759
Cleveland, OH 44101-0759

Donald L. Stone D.P.M.
3090 West Market Street
Suite 112
Akron, OH 44333-3615

EAGLE LOAN CO
1889 WEST MARKET ST
AKRON OHIO 44313-6909

EDSOUTH
CLAIMS FILING UNIT
PO BOX 8973
MADISON WI 53708-8973

Eagle Loan Co Of Ohio
6817 Pearl Road
Middleburgh Heights, OH 44130-3616

Edsouth/glelsi
Po Box 7860
Madison, WI 53707-7860

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

GLHEC on behalf of Great Lakes Higher Ed Gua
PO Box 8961
Madison WI 53708-8961

Key Education Resource
P.o. Box 7860
Madison, WI 53707-7860

Kristen M. Scalise
Fiscal Officer
Summit County Fiscal Office
175 S. Main Street
Akron, Ohio 44308-1306

LVNV Funding, LLC its successors and assigns
assignee of MHC Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Maxlend Cash Advance
P.O. Box 639
Parshall, ND 58770-0639

Merrick Bank Corp
Po Box 9201
Old Bethpage, NY 11804-9001

Mid America Bk/total C
5109 S Broadband Ln
Sioux Falls, SD 57108-2208

Midland Funding LLC
PO Box 2011
Warren, MI 48090-2011

| | | |
|---|---|---|
| Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216-0530 | Ohio Edison<br>5001 NASA Blvd<br>Fairmont, WV 26554-8248 | Ohio Edison<br>Attn: Bankruptcy Department<br>76 South Main Street<br>Akron, OH 44308-1817 |
| PNC Bank<br>P.O. Box 747032<br>Pittsburgh, PA 15274-7032 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Quantum3 Group LLC as agent for<br>ACE Cash Express INC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Santander Consumer USA<br>Attn: Bankruptcy Dept.<br>P.O. Box 560284<br>Dallas, TX 75356-0284 | Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX 76161-0244 |
| (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | Summa Physicians, Inc.<br>P.O. Box 630092<br>Cincinnati, OH 45263-0092 | Summit County Fiscal Officer<br>175 S. Main Street #320<br>Akron, OH 44308-1310 |
| Support Services Respirator<br>c/o First Federal Credit Control<br>24700 Chagrin Blvd Suite 205<br>Beachwood, OH 44122-5662 | T Mobile/T-Mobile USA Inc<br>by American InfoSource LP as agent<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 | T-Mobile<br>c/o Enhanced Recovery Co LLC<br>8014 Bayberry Rd<br>Jacksonville, FL 32256-7412 |
| Transworld Systems Inc.<br>802 E. Martintown Road<br>Suite 201<br>North Augusta, SC 29841-5352 | US DEPT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON, WI 53708-8973 | US Department of Education /GLELSI<br>Office of the United States Attorne<br>Carl B. Stokes United States Court<br>801 West Superior Avenue, Suite 400<br>Cleveland, OH 44113-1852 |
| US Department of Education /GLELSI*<br>Direct Loan Servicing CEnter<br>PO Box 5609<br>Greenville, TX 75403-5609 | US Department of Education /GLESLI<br>Attorney General of the United Stat<br>Main Justice Building<br>10th & Constitution Avenue, N.W.<br>Washington, DC 20530-0001 | US Department of Education /Glelsi*<br>PO Box 7860<br>Madison, WI 53707-7860 |
| Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK 73124-8838 | Verizon Wireless<br>P.O. Box 4002<br>Acworth, GA 30101-9003 | Woodcove III LLC<br>PO Box 7055<br>Beverly Hills, CA 90212-7055 |
| Brandi Monique Daniels<br>322 Trigonia Drive<br>Akron, OH 44302-1430 | Keith Rucinski<br>Chapter 13 Trustee<br>One Cascade Plaza Suite 2020<br>Akron, OH 44308-1160 | Mark H. Knevel<br>Knevel Law Co. LPA<br>Kennard Professional Bldg.<br>5250 Transportation Blvd #201<br>Garfield Heights, OH 44125-5361 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One
15000 Capital One Dr
Richmond, VA 23238-0000

Sprint
P.O. Box 4191
Carol Stream, IL 60197-4191


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Woods Cove III, LLC

End of Label Matrix
Mailable recipients   56
Bypassed recipients    1
Total                 57